PHILIP TISCHLER, ADMINISTRATOR, ETC., ET AL., PLAIN-
TIFFS, v. WEST JERSEY AND SEASHORE RAILROAD
COMPANY, DEFENDANT.

Argued October term, 1930—Decided May 15, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Bourgeois & Coulomb.*

*Contra, William I. Garrison.*

PER CURIAM.

This is the defendant's rule for new trial. Verdicts were
awarded in the case to Philip Tischler as administrator in
the sum of $8,000 for the suffering of his wife, Dora Tischler,
in her lifetime; to Philip Tischler, as administrator *ad prose-
quendum,* for $17,000 for loss sustained by the next of kin
by her death; to Mendel Tischler, a son, for $2,000 for per-
sonal injuries, and $1,000 to his father.

The action grew out of a railroad crossing collision in
Atlantic City. In the accident Mendel Tischler was injured
and Dora Tischler received injuries from which she died
twenty-four days later. Recovery was sought for the pain
and suffering of Dora, for the loss suffered by the next of
kin, for the injuries to Mendel, the son, and damages sus-
tained thereby by his father.

The proofs established that Dora Tischler was the wife of
Philip Tischler and was forty-four years of age; that in addi-

tion to the care of his household, consisting of the husband and a number of children, some of whom were grown, she at times assisted her husband in his fruit business.

On the proofs we think the verdicts as rendered for the suffering of Dora Tischler and for her death were so grossly excessive as to require a retrial of the case. It is impossible to conceive that the sufferings of Dora for a period of twenty-four days, ameliorated as they were by opiates, could justify a verdict of $8,000; likewise the award of $17,000 to the next of kin was excessive. While it was true that the wife was helpful to her husband in his business and performed household duties in his home, we think the award of $17,000 was not justified.

As it is clear that the award of $8,000 at least was the result of prejudice, passion, or other improper motives, all the verdicts in the case should be set aside and a new trial granted.

The rule is made absolute.